# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. HOARD, III,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | 1:11-cv-01487-DLB (HC)<br><br>ORDER REQUIRING PETITIONER TO FILE A SECOND AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION<br><br>[Doc. 10] |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

    Petitioner filed the original petition for writ of habeas corpus on August 23, 2011, in the United States District Court for the Eastern District of California, Sacramento Division. The petition was transferred to this Court on September 6, 2011.

    On September 9, 2011, the Court issued a order to show cause why the petition should not be dismissed. Petitioner alleges the following grounds for relief: (1) "no money, no weapon, the police did not find a weapon or money on me and inconsistencies as far as what I was wearing to what the robber had on. It was only because I had a warrant is why I ran"; (2) "mistaken identify. Evidence that a man Mr. John Washington identified someone other than me in the photo lineup as the robber he had purs[u]ed"; (3) "I had a witness. I was canning (looking for cans) with a friend Ms. Bonnie Bowden who testified she was with me all morning"; (4)

Illegal enhancement. They gave me a year knife enhancement. But I never had a weapon or was a weapon foun[d] in the [vicinity] where I was." (Amd. Pet. at 5-6.)

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

Petitioner fails to allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of te Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. In addition, conclusory allegations do not warrant habeas relief. See Jones v. Gomez, 66 F.3d

2

1  199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the
2  record or any document do not merit habeas relief).  Petitioner will be required to file a second
3  amended petition to allege, if he can do so, violations of federal constitutional law as indicated in
4  the citations above.  Failure to comply with this order will result in dismissal of the petition for
5  failure to state a cognizable claim for which habeas relief can be granted.  Petitioner is further
6  advised that an amended petition supercedes the prior petition, and the amended petition must be
7  "complete in itself without reference to the prior or superceded pleading." Local Rule 220.
8         Accordingly, it is HEREBY ORDERED that:
9         1.      The Clerk of Court is directed to send Petitioner a blank § 2254 form petition;
10        2.      Within thirty (30) days from the date of service of this order, Petitioner shall file a
11                second amended petition; and
12        3.      Failure to comply with this order will result in dismissal of the action.
13     IT IS SO ORDERED.
14     Dated:    **October 11, 2011**                    /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE